UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02606-JVS-KES | Date | January 23, 2026 |
| Title | Noah Vonleh v. Alex Yam et al | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Remand and Defendants' Motions to Dismiss [15, 17, 19]**

Before the Court are three motions.  First, Plaintiff Noah Vonleh ("Vonleh") moves to remand this case to Orange County Superior Court.  (MTR, Dkt. No. 19.) Defendants Pensack Sports ("Pensack"), Alex Yam ("Yam"), and EJY LLC ("EJY") oppose.  (Yam/EJY Opp'n to MTR, Dkt. No. 23; Pensack Opp'n to MTR, Dkt. No. 24.) Vonleh replied.  (MTR Reply, Dkt. No. 29.)

Second, Yam and EJY move to dismiss all causes of action against them. (Yam/EJY MTD, Dkt. No. 15.)  Vonleh opposes.  (Opp'n to Yam/EJY MTD, Dkt. No. 21.)  Yam and EJY replied.  (Yam/EJY MTD Reply, Dkt. No. 27.)

Finally, Pensack also moves to dismiss all causes of action against it.  (Pensack MTD, Dkt. No. 17.)  Vonleh opposes.  (Opp'n to Pensack MTD, Dkt. No. 22.)  Pensack replied.  (Pensack MTD Reply, Dkt. No. 26.)

For the following reasons, the Court **DENIES** the Motion to Remand and **GRANTS** both Motions to Dismiss.  Dismissal is without leave to amend.

**I. BACKGROUND**

*A.    The Relevant Agreements*

Unless otherwise indicated, the following facts are taken from Vonleh's Second Amended Complaint ("SAC").  (SAC, Dkt. No. 1-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02606-JVS-KES                    Date    January 23, 2026

Title       Noah Vonleh v. Alex Yam et al

Vonleh is a professional basketball player who formerly played for several teams in the National Basketball Association ("NBA"). (Id. ¶ 18.) During the 2021–2022 season, Vonleh had received no offers from NBA teams and consequently opened himself to offers from the Chinese Basketball Association ("CBA"). (Id.) To facilitate his transition to international basketball, Vonleh signed an agency agreement ("Pensack Agency Agreement") with Pensack, a sports agency based in Las Vegas, Nevada. (Id.) The agreement was executed on July 30, 2021 and provided that Pensack would "make his best efforts to introduce revenue generating opportunities to [Vonleh] and shall then negotiate on behalf of [Vonleh] . . . ." (Pensack Agency Agreement, Dkt. No. 17-4 at 1.) In exchange for these services, Vonleh agreed to pay Pensack 10 percent of any compensation he received. (Id.)

According to Vonleh, Pensack relied on "sub-agents" to facilitate its communication with CBA clubs. (SAC ¶ 19.) In this case, Pensack employed the services of sports agents Yam and Jiji. (Id.) In exchange for this assistance, Pensack promised Yam and Jiji 20 percent of any compensation it received from Vonleh. (Id.) The arrangement proved successful. On September 10, 2021, Vonleh signed a $1.3 million contract ("CBA Contract") with the Shanghai Juss Basketball Club—known in the United States as the Shanghai Sharks ("Shanghai Sharks" or "Sharks")—to play basketball for the 2021–22 CBA season. (CBA Contract, Dkt. No. 17-5.)

Although the CBA Contract was set to begin in October, COVID-19 restrictions prevented Vonleh from traveling to China until December. (SAC ¶ 20.) That month, the Shanghai Sharks and Vonleh entered a second agreement ("Nasika/EJY Agreement"); this December 2021 agreement did not involve Pensack. (Nasika/EJY Agreement, SAC, Ex. A.) Instead, the Nasika/EJY Agreement involved two other agencies: Shanghai Nasika Enterprise Management Consulting Center ("Nasika") and EJY. (Id.) Notably, the Nasika/EJY Agreement lists Jiji as the representative of Nasika and Yam as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02606-JVS-KES                    Date    January 23, 2026

Title    Noah Vonleh v. Alex Yam et al

representative of EJY.[1]  (Id.)  The agreement provided that (1) Nasika and EJY were agents of the Shanghai Sharks alone but (2) they would provide services to both the Sharks and Vonleh.  (BAT Award, Dkt. No. 17-6 ¶ 13.)  In exchange for these services, the Sharks agreed "to pay an agent fee of [$]110,000.00" to Nasika and EJY on Vonleh's behalf.  (Id.)

> ### B.    Proceedings in BAT and Federal Court

By November 2023, Pensack still had not received any compensation it was owed pursuant to the Pensack Agency Agreement.  (SAC ¶ 23; BAT Award ¶¶ 15, 21.)  Exercising its right under Section V of the agency agreement, Pensack initiated arbitration against Vonleh before the Basketball Arbitral Tribunal ("BAT") in Geneva, Switzerland.  (BAT Award ¶ 21; Pensack Agency Agreement at 2.)  Before the BAT, Vonleh argued that the $110,000 paid in the Nasika/EJY Agreement satisfied performance of his obligation in the Pensack Agency Agreement.  (BAT Award ¶ 15.)  Specifically, Vonleh contended "that it was understood that . . . [Pensack's] agency fee was paid by Nasika and/or EJY LLC."  (Id.)  The BAT did not agree: on June 14, 2024, it held that Vonleh owed Pensack agent fees of $192,271.50 under the Pensack Agency Agreement.  (Id. ¶ 171.)

In January 2025, Pensack petitioned a federal court in the Northern District of Georgia to confirm the arbitration award.  (N.D. Ga. Opinion, Dkt. No. 17-7 at 3.)  Pensack grounded its petition in Chapter 2 of the Federal Arbitration Act ("FAA"), which implemented the international Convention on the Recognition and Enforcement of Foreign Arbitral Awards (popularly known as the "New York Convention").  (Id. at 5.)  The Georgia court granted the petition, confirmed the BAT Award under the FAA, and entered judgment against Vonleh.  (Id. at 13.)  By September 5, 2025, Vonleh paid the judgment in full.  (Meyers Decl., Ex. F, Dkt. No. 17-9.)

---

[1] The Nasika/EJY Agreement also listed an individual named Miodrag Raznatovic ("Raznatovic") as a representative of EJY.  (SAC ¶ 20.)  However, Raznatovic is not a defendant in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02606-JVS-KES                    Date   January 23, 2026

Title   Noah Vonleh v. Alex Yam et al

C.   *Proceedings in the Present Action*

On October 22, 2025, Vonleh filed the present action in Orange County Superior Court. (SAC at 22.) Vonleh's lawsuit includes several causes of action against a variety of defendants that seek (1) damages and (2) disgorgement of the Georgia court's judgment. (Id. at 21.) Specifically, Vonleh raises the following claims:

- Against Pensack:
    - (1) Breach of Fiduciary Duties (id. ¶¶ 79–86).[2]
    - (2) Aiding and Abetting the Breach of Fiduciary Duties (id. ¶¶ 87–94).

- Against Yam, EJY, and Jiji:
    - (1) Rescission of Forged Contract (id. ¶¶ 32–37).
    - (2) Wire Fraud (id. ¶¶ 38–42).
    - (3) Forgery (id. ¶¶ 43–47).
    - (4) Conspiracy to Defraud (id. ¶¶ 48–53).
    - (5) Civil Conversion (id. ¶¶ 54–58).
    - (6) Restitution (id. ¶¶ 59–63).
    - (7) Constructive Trust (id. ¶¶ 64–68).
    - (8) Breach of Implied Fiduciary Duties (id. ¶¶ 69–73).
    - (9) Fraudulent Misrepresentation (id. ¶¶ 74–78).
    - (10) Breach of Fiduciary Duties (id. ¶¶ 79–86).
    - (11) Violations of the Miller-Ayala Athletes Act: Failure to Register as a Sports Agent and Prohibited Conduct (id. ¶¶ 95–109).

In this matter, Vonleh alleges a key fact that he had not mentioned in any other proceeding: "VONLEH never saw the [Nasika/EJY Agreement], did not agree to its

---

[2] Vonleh does not explicitly state that his Tenth Cause of Action for Breach of Fiduciary Duty is asserted against Pensack. (See SAC at 16 ("TENTH CAUSE OF ACTION . . . Asserted against Defendants, ALEX YAM aka ALEX YUEN CHI YAM; EJY LLC; ZHANG JIJI, and DOES 1 - 50.").) Nonetheless, the factual allegations concern Pensack. (Id. ¶¶ 81–86.) For the sake of completeness, the Court chooses to analyze Vonleh's Tenth Cause of Action against Pensack as though it was properly asserted in the SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02606-JVS-KES                     Date   January 23, 2026

Title      Noah Vonleh v. Alex Yam et al

terms, and never signed it." (Id. ¶ 21.)  Although Vonleh's signature is on the Nasika/EJY Agreement, he claims that it was forged.  (Id. ¶ 46.)

## II. LEGAL STANDARD

### A.      Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

### B.      Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02606-JVS-KES          Date   January 23, 2026

Title   Noah Vonleh v. Alex Yam et al

whether they plausibly give rise to an entitlement to relief." Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Under Federal Rule of Procedure 9(b), a plaintiff must plead each element of a fraud claim with "particularity."  Fed. R. Civ. P. 9(b).  In other words, the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)).  A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. Id.

## III. DISCUSSION

### A. Motion to Remand

#### 1. Local Rule 7-3

The Court first addresses Vonleh's violation of Local Rule 7-3, the mandatory meet-and-confer requirement.  This District requires that the moving party both (1) "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to filing and (2) provide a declaration that sets forth at least the conference's date(s) and each party's position on the motion's disputed issues. See L.R. 7-3.

Vonleh did not submit the required declaration.  (See MTR.)  Moreover, Yam, EJY, and Pensack assert Vonleh made no attempt to meet and confer at all before the filing this motion.  (Yam/EJY Opp'n to MTR at 3; Pensack Opp'n to MTR at 11–12.) The Local Rules of this Court facilitate an efficient and fair judicial system.  The Court admonishes Vonleh's counsel to carefully review and follow the Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02606-JVS-KES                         Date   January 23, 2026

Title      Noah Vonleh v. Alex Yam et al

     2.     Vonleh's Reply

Under Local Rule 7-10, a party must file his reply brief "not later than fourteen (14) days before the date designated for the hearing of the motion . . . ." See L.R. 7-10.

The hearing date for the Motion to Remand is January 26, 2026. (Dkt. No. 20.) Vonleh filed his Reply in support of his Motion to Remand on January 20, 2026, six days before the hearing. (See MTR Reply.) Thus, his reply brief is late, and the Court does not consider it.

The Court again admonishes Vonleh's counsel to carefully review and follow the Local Rules.

     3.     Section 205 Jurisdiction

Vonleh argues that this case belongs in state court due to its lack of diverse parties and insufficient relation to an arbitration agreement to satisfy removal authority under 9 U.S.C. § 205. At no point has Pensack argued that diversity jurisdiction conferred authority to remove this action to federal court. (See Notice of Removal; Pensack Opp'n to MTR at 3.) Thus, whether removal was proper turns solely on Section 205.

A federal district court has original jurisdiction where the action's subject matter "relates to" an arbitration agreement or arbitral award falling under the New York Convention. See 9 U.S.C. § 205. When an agreement or award could "*conceivably* affect the outcome of the plaintiff's case," the action satisfies Section 205's relation requirement. Infuturia Glob. Ltd. v. Sequus Pharms., Inc., 631 F.3d 1133, 1138 (9th Cir. 2011) (emphasis in original) (quoting Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002)). Though this Circuit generally construes removal statutes strictly, "the plain language of § 205 provides federal courts with remarkably broad removal authority." Id. at 1138 n.5.

Vonleh himself admits that "there must be a meaningful connection between the arbitration agreement or award and the case's outcome." (MTR at 17.) However, he also argues that there is "usually a closer link between the arbitration and the litigation" in proper Section 205 removal cases. (Id.) The Court disagrees. Removal is proper under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02606-JVS-KES                    Date   January 23, 2026

Title      Noah Vonleh v. Alex Yam et al

Section 205 where there is an "affirmative defense of collateral estoppel regarding issues already resolved against the plaintiff in arbitration." Infuturia, 631 F.3d at 1138. Pensack states its defense in its Notice of Removal and Motion to Dismiss, thus satisfying the relatively low threshold. (Notice of Removal ¶ 17; Pensack MTD at 14–15.)

Thus, Vonleh's Motion to Remand is **DENIED**.

> 4.      Request for Attorneys' Fees and Costs

In his Motion, Vonleh requested attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (MTR at 19.)  Because the Court denies Vonleh's Motion to Remand, the Court does not award any fees or costs.

> B.      *Motions to Dismiss*

> 1.      Vonleh's Objection

Six days before this matter was set for hearing, Vonleh filed an objection to Pensack's reply brief. (Dkt. No. 30.)  Vonleh contended that Pensack's Reply in support of its Motion to Dismiss "materially violate[d] the Central District of California's page-limit rules," citing Local Rule 7-10. (Id. at 2.)  Vonleh quotes a superseded version of the District's Local Rules: "Under Local Rule 7-10, reply memoranda 'shall not exceed ten (10) pages.'" (Id.)  Vonleh's counsel has failed to review the current rules.

Currently, it is the number of words—not the number of pages—that controls. The rule that governs the length of briefs is Local Rule 11-6.1, which sets a standard limit of 7,000 words on all briefs. See L.R. 11-6.1. Parties must also file a certificate of compliance warranting that the brief comports with this word limit. See L.R. 11-6.2. Pensack's reply brief included this certificate, and Pensack's counsel warranted that the brief contained 6,033 words. (Pensack MTD Reply at 21.)  In short, Pensack complied with all applicable Local Rules.

> 2.      Pensack

As described above, Vonleh brings two causes of action against Pensack: (1)

CV-90 (06/04)                    **CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02606-JVS-KES                    Date    January 23, 2026

Title    Noah Vonleh v. Alex Yam et al

breach of fiduciary duties and (2) aiding and abetting the breach of fiduciary duties. (SAC ¶¶ 79–94.)  Pensack contends that these claims are barred under the doctrine of claim preclusion (res judicata) based on the proceedings related to the BAT Award and its subsequent affirmation in federal court.  (Pensack MTD at 8–14.)  The Court agrees. "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)).  All three elements are met here.

First, Pensack demonstrates an identity of claims.  "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'"  Stratosphere Litig. LLC v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).  Here, the BAT Award and Vonleh's SAC arise from the same transactional nucleus of facts.  Both cases concern the negotiation and implications of three agreements: the Pensack Agency Agreement, the CBA Contract, and the Nasika/EJY Agreement.  True, Vonleh's causes of action for breach of fiduciary duty are claims he had not previously asserted. However, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."  Tahoe-Sierra, 322 F.3d at 1078.  Vonleh could have raised the present claims before the BAT or the Northern District of Georgia, but he did not.[3]  This element is satisfied.

Pensack also establishes a final judgment on the merits.  "A federal-court order confirming an arbitration award has 'the same force and effect' as a final judgment on the merits, 9 U.S.C. § 13, including the same preclusive effect."  NTCH-WA, Inc. v. ZTE Corp., 921 F.3d 1175, 1180 (9th Cir. 2019) (citing Fid Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004)).  Pensack has obtained an order confirming the arbitration award.  (See N.D. Ga. Order.)  Consequently, this element is satisfied.

---

[3] In his Opposition to Pensack's Motion to Dismiss, Vonleh also argues that the arbitration clause of the Pensack Agency Agreement is unconscionable.  (Opp'n to Pensack MTD at 14–20.)  These arguments, too, could have been raised before the BAT or the Northern District of Georgia, and are thus barred by res judicata.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02606-JVS-KES                    Date    January 23, 2026

Title       Noah Vonleh v. Alex Yam et al

Finally, Pensack shows that there is privity between the parties. Indeed, the parties in both the BAT proceedings and the Northern District of Georgia were identical: Pensack on one side, Vonleh on the other. This element is satisfied.

Thus, Vonleh's claims against Pensack are barred res judicata. Accordingly, the Court **GRANTS** Pensack's Motion to Dismiss in full.

3.       Alex Yam and EJY LLC

As described above, Vonleh brings 11 related causes of action against Yam and EJY. The Court addresses these claims in two categories.

a.       **Claims Under the Miller-Ayala Athlete Agents Act**

Vonleh brings two claims under the Miller-Ayala Athlete Agents Act ("Miller-Ayala Act"). (SAC ¶¶ 95–109); see Cal. Bus. & Prof. Code § 18897.1 et seq. Specifically, Vonleh alleges that Yam and Jiji did not comply with the disclosure requirements under the act. (SAC ¶¶ 97–98). As a result, Vonleh contends that the Nasika/EJY Agreement "is void ab initio" under Section 18897.9(a). (Opp'n to Yam/EJY MTD at 12); see Cal. Bus. & Prof. Code § 18897.9(a). The Court need not address the merits of this argument, as Vonleh's claims under the Miller-Ayala Act are time-barred.

In California, there is a three-year statute of limitations for liability premised on statute. See Cal. Civ. Proc. Code § 338(a). Negotiations related to the Nasika/EJY Agreement—the latest agreement relevant to this case—occurred in December 2021, almost four years before Vonleh filed his initial complaint in this case. To resist this conclusion, Vonleh relies on the discovery rule. (Opp'n to Pensack MTD at 18–19.); see Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005) ("An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."). This argument is unavailing. Assuming it is true that Yam and Jiji were not properly registered agents in California under the Miller-Ayala Act, there is no reason Vonleh could not have discovered this information at the time or soon after. Indeed, as Pensack points out, the BAT Award was finalized in March 2022, more than three years before Vonleh filed his initial complaint. (MTD at 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02606-JVS-KES                          Date   January 23, 2026

Title      Noah Vonleh v. Alex Yam et al

Vonleh cannot state any claim under the Miller-Ayala Act.

### b.      Other Causes of Action

Vonleh's remaining causes of action—rescission of forged contract, wire fraud, civil conversion, fraudulent misrepresentation, and more—all require a key premise: the allegation that Vonleh's signature on the Nasika/EJY Agreement was forged, rendering the agreement invalid.  (See supra Section I.C, citing to the SAC.)  Yam, EJY, and Pensack all argue that Vonleh should be barred from raising this argument under the doctrine of judicial estoppel.  (Yam/EJY MTD at 16–17; Pensack MTD at 18–20.)  Vonleh extensively rebuts other arguments raised by Defendants (e.g., issue preclusion), but does not address judicial estoppel in either of his opposition briefs.  (See Opp'n to Yam/EJY MTD; Opp'n to Pensack MTD.)

"Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Davis v. Wakalee, 156 U.S. 680, 689 (1895)).  There are several policy justifications for this approach: "preventing internal inconsistency, precluding litigants from 'playing fast and loose' with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment."  United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993) (quoted by New Hampshire, 532 U.S. at 750).  The Supreme Court has outlined three factors governing the application of judicial estoppel: (1) whether "a party's later position [is] clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (3) whether the inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  New Hampshire, 532 U.S. at 750–51 (internal quotation marks omitted).

All factors favor applying judicial estoppel here.  As described above, the BAT decided whether provisions of the Nasika/EJY Agreement fulfilled Vonleh's obligations under the Pensack Agency Agreement.  That BAT summarized Vonleh's position in the following manner:

[Vonleh] refers however to the [Nasika/EJY Agreement], according to which the Club

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-02606-JVS-KES                    Date   January 23, 2026

Title       Noah Vonleh v. Alex Yam et al

undertook to pay agents fees of USD 110,000.00 on behalf of [Vonleh]. While [Pensack] was not a party of the [Nasika/EJY Agreement], [Vonleh] submits that it was understood that the Chinese agencies Nasika and EJY LLC, which received a share of the agent fee from the Club, "paid the Claimant".  Hence, the first question is whether the Claimant's agent fee was paid by Nasika and/or EJY LLC.

(BAT Award ¶ 15.)  Put differently, Vonleh did not only represent to the BAT that the Nasika/EJY Agreement was *valid,* he asserted that it *favored* him by freeing him of a six-figure debt owed to Pensack.  Here, Vonleh assumes a "clearly inconsistent" position by contending that the Nasika/EJY Agreement was void from its inception.  New Hampshire, 532 U.S. at 750.  Moreover, although Vonleh was unsuccessful in convincing the BAT that the Nasika/EJY Agreement absolved him of separate financial liability, he was successful in convincing the BAT that it was a valid and enforceable agreement.  Indeed, the Nasika/EJY Agreement was integral to the BAT's final decision.  (See BAT Award ¶¶ 13, 15, 44–47, 69, 72, 110–111, 126, 133, 137–140, 144, 149.)  Finally, perhaps most important of all is the unfair advantage Vonleh would derive if he is not estopped from his current position.  When he thought the Nasika/EJY Agreement would benefit him, Vonleh relied on it, treated it as valid, and said nothing of his current allegations that his signature was forged.  When that position proved unfruitful, Vonleh claimed the entire agreement was a product of fraud, the BAT Award should be disgorged, and that he should receive a variety of additional damages on top of that.  The argument is simple: "heads I win, tails you lose."  That argument cannot succeed.

The Court does not permit Vonleh to argue that the Nasika/EJY Agreement is invalid or forged.  As a result, he does not state a claim under his First through Tenth Causes of Action, which all involve this allegation.

### c.      Conclusion

None of the allegations in Vonleh's SAC state a claim against Yam or EJY. Accordingly, the Court **GRANTS** their Motion to Dismiss in full.

### 4.      Leave to Amend

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02606-JVS-KES                    Date    January 23, 2026

Title    Noah Vonleh v. Alex Yam et al

where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted). The Court dismisses Vonleh's claims on three grounds: claim preclusion, time-barring, and judicial estoppel. No conceivable amendment could remedy these deficiencies. Furthermore, Vonleh does not request leave to amend. Consequently, the Court **DENIES** any leave to amend.

     5.    Zhang Jiji

Even though the Court dismisses without leave to amend, this case is not terminated. Jiji has made no appearance in this case. Thus, Vonleh's claims against Jiji remain active, albeit subject to the same shortcomings as those identified above.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion to Remand and **GRANTS** both Motions to Dismiss without leave to amend.

**IT IS SO ORDERED.**